Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
It is settled that “[a] claimant’s failure, despite repeated warnings, to follow the reasonable policies of an employer that, in turn, has a detrimental effect on the employer’s interest has been held to constitute disqualifying misconduct” (Matter of Manieson [Commissioner of Labor], 119 AD3d 1312, 1313 [2014]). Here, claimant, a general laborer and shear operator, acknowledged receiving warnings regarding his refusal to take instructions from supervisors or “lead” people. The employer’s witnesses testified that, despite the warnings, he called the lead person in charge “crazy” and told her to “shut up” and get out of his department when she attempted to speak with another coworker performing a joint task with claimant. The supervisor *1057 further testified that claimant had acted in a similar inappropriate manner on several occasions because he did not want to take orders from anyone. Under these circumstances, substantial evidence supports the finding of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances (see Matter of Manieson [Commissioner of Labor], 119 AD3d at 1313; Matter of Guess [Commissioner of Labor], 119 AD3d 1256, 1257 [2014]). Claimant’s testimony to the contrary presented a credibility issue for the Board to resolve (see Matter of Haran [Commissioner of Labor], 119 AD3d 1315, 1316 [2014]).
Peters, PJ., Lahtinen, Egan Jr., Lynch and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.